Opinion.

## Wytheville.

### LYNCHBURG HOSIERY MILLS . v. CHESTERFIELD MANUFACTURING Co.

June 13, 1907.

1. CONTRACTS BY CORRESPONDENCE—*Accession to Same Terms.*—In order to establish a contract by correspondence, there must appear upon the face of the correspondence a clear accession by both parties to one and the same set of terms. A proposal to accept, or an acceptance on terms varying from the offer, is a rejection of the offer. The acceptance must be unqualified, and no point left open for future consideration or negotiation between the parties. In the case at bar, the acceptor of the offer introduced into his acceptance new terms not contained in the offer, nor implied by law, and hence no contract was concluded between the parties.

Error to a judgment of the Hustings Court of the city of Petersburg in an action of *assumpsit.* Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*R. C. Blackford* and *Hamilton & Mann,* for the plaintiff in error.

*Davis & Davis,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the Court.

The controversy in this case grows out of the following correspondence by mail and telegraph between the parties:

"June 29th, 1905.

"Chesterfield Mfg. Co.,

Gents:—Please send lowest quotations on 12s and 14s as had from you, and oblige, Yours, etc.,   J. G. Burton, Mgr."

"July 1st, 1905.

"Lynchburg Hosiery Mills,
        Lynchburg, Va.

"Dear Sirs:

"We have your card of the 29th ult., and in reply beg to quote you subject to acceptance by wire Monday next, No. 12 yarn at 16½c., No. 14 at 17c., less 2% cash ten days, delivered Lynchburg.            Yours truly,

"Chesterfield Mfg. Co.,

"By J. F. Taylor, Pres. & Treas."

"July 3rd, 1905.

"Chesterfield Mfg. Company,
        Kingston, N. C.

"We accept your quotation of July 1st for fifty thousand pounds, No. twelve and fourteen.   See particulars by letter to-day.

"Lynchburg Hosiery Mills."

"July 3rd, 1905.

"Chesterfield Mfg. Co.

"Gentlemen:—

"Your favor of July 1st to hand.   In reply beg to say we wired you as follows:

" 'Will accept your quotation for (50,000 lbs.) fifty thousand pounds of 12s and 14s.   Particulars by letter to-day.'

"We want you to deliver 1200 lbs. of 14s and 800 lbs. of 12s per week, commencing 2 or 3 weeks from date for 10 weeks. Will furnish you with proportions for balance not less than four weeks ahead of time for delivery. Should you need definite instructions for balance of order sooner than this, let us know and we will furnish them to you. We want the 50,000 lbs. in 12s and 14s on cones same grade, size and all details as before.

"Please send acceptance of contract per return and oblige,

"Yours truly,

"Lynchburg Hosiery Mills,

"J. G. Burton, Mgr."

"July 4th, 1905.

"Lynchburg Hosiery Co.,
      "Lynchburg, Va.

"Dear Sirs:

"We received your wire last night saying you accepted our quotation for 50,000 pounds 12s and 14s yarn, and see particulars by letter. We are replying this morning as follows: 'Your wire last night received, your order too large, shall we book you for usual quantities you have been buying?' and now confirm.

"Your orders placed with us heretofore have been for 3,000 to 10,000 pounds and in quoting you on 1st inst., we of course presumed that if you placed your order it would be for the usual quantity. Nothing was said in your card about wanting a large quantity, and the natural presumption on our part was that you were in the market for usual quantity.

"The cotton market advanced materially yesterday, and we cannot book your order for 50,000 pounds at price quoted, but, as we wired you, are willing to protect you for your usual purchase of 4,000 to 10,000 pounds.

"We would also like to call your attention to the terms

quoted you, viz: 2% ten days. We mention this, as some of your last bills have run considerably over this, and as we have no capital to carry accounts with, must ask that payments be made promptly in accordance with terms.

"Yours truly,

"Chesterfield Mfg. Co.

"By J. F. Taylor, Pres. & Treas."

After some further correspondence between the parties the plaintiff in error instituted this action to recover damages for the breach of the agreement which it was alleged the correspondence between the parties established.

Upon the trial of the cause the plaintiffs introduced the correspondence quoted and some other evidence as to the dealings between the parties and the usages of the trade. The defendant introduced no testimony, but demurred to the plaintiff's evidence. Upon that demurrer the trial court was of opinion that the law was for the defendant and gave judgment accordingly. To that judgment this writ of error was awarded.

The only question involved in the case is whether or not the correspondence quoted established a contract between the parties for the sale and purchase of fifty thousand pounds of yarn.

The evidence introduced showed the circumstances surrounding the parties when the correspondence took place. They had been dealing with each other during a part of the year 1904 and the early part of the year 1905. During that time the plaintiffs had purchased from the defendant thirty or thirty-five thousand pounds of yarn in eight or nine different orders of the same numbers, but no one of the orders had exceeded ten thousand pounds, and the yarn had been furnished in such quantities and at such times as the parties had expressly or impliedly agreed upon or assented to.

It was held by this court in the case of *Virginia Hot Springs Co.* v. *Harrison,* 93 Va. 569, 25 S. E. 888, that in order to establish a contract by correspondence there must appear upon the face of the correspondence a clear accession by both parties to one and the same set of terms. A proposal to acept or an acceptance on terms varying from the offer is a rejection of the offer. The acceptance must be unqualified and no point left open for future consideration or negotiation between the parties.

Tested by this rule it is clear that the correspondence in this case does not establish a contract. In the defendant's letter of July 3, the quantity of yarn proposed to be sold is not fixed, nor the time for its delivery. But if it be conceded, as the plaintiff's counsel argues, that the law would imply that the delivery was to be within a reasonable time and that since the defendant had not fixed the quantity of yarn which it was willing to sell upon the terms named, the law gave the plaintiffs the right in accepting the offer to fix the quantity at any reasonable quantity, and that fifty thousand pounds was not unreasonable, the plaintiff's telegram and letter of July 3 are not an unconditional aceptance of the defendant's offer. In their letter the plaintiffs tell the defendant they wish him to deliver 1200 lbs. of No. 14 and 800 lbs. of No. 12 per week, commencing in two or three weeks from date and such delivery to continue for ten weeks; that they will furnish the defendant with the proportions for balance of yarn not less than four weeks ahead of time for delivery; and that if it needed definite instructions for balance of order sooner than this to let them know and they would furnish them.

There was nothing in the defendant's offer which required it to furnish more pounds of yarn of one number than of the other, nor to commence the delivery in two or three weeks and continue it for ten weeks, and then to await the plaintiff's pleasure as to the time and the proportions in which the residue of the

yarn was to be furnished. These were new terms which the plaintiffs had introduced into their acceptance not contained in the defendant's offer nor implied by law. The plaintiffs seem at that time to have recognized this for they ask the defendant to send acceptance of contract by return mail, which would have been wholly unnecessary if their acceptance had been an unconditional acceptance of the defendant's offer.

We are of opinion that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*